# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| INGRAM D. JACKSON, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action H-08-1210 |
| | § | |
| ERIC K. SHINSEKI, | § | |
| SECRETARY OF VETERANS AFFAIRS | § | |
| | § | |
| *Defendant.* | § | |

## MEMORANDUM AND ORDER

Pending before the court is defendant's motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction and, in the alternative, for failure to state claim upon which relief can be granted. Dkt. 25. On review of the motion, the response, and applicable law, defendant's motion to dismiss is GRANTED.

## BACKGROUND

Plaintiff Ingram D. Jackson is an African-American male who was employed as a medical technologist with the United States Veteran Affairs Hospital in Houston, Texas from September 2005 to January 2007. Dkt. 31 at 2. Jackson alleges that during his employment he was unfairly treated and discriminated against because of his race, color, sex, religion, and age. Dkt. 8 at 8. Additionally, Jackson claims he was wrongfully terminated without being given any specific legal reason and in spite of his exceptional performance. *Id.* On December 13, 2006, prior to his termination, Jackson filed a formal complaint of discrimination with the Department of Veterans Affairs (the "Agency") in which Jackson alleged disparate treatment, hostile work environment, and

retaliation. Dkt. 25, Ex. 1. The Agency accepted the claims for investigation. *Id.* at Ex. 2. Upon completion of the Agency investigation, Jackson chose not to request a hearing. *Id.* at 2. The Agency, therefore, issued a Final Agency Decision on October 25, 2007, in which it determined there had been no discrimination or retaliation. *Id.* at Ex. 3. Jackson filed an appeal with the Equal Employment Opportunity Commission's Office of Federal Operations ("EEOC OFO") on November 26, 2007. *Id.* at Ex. 4. On April 18, 2008, before the EEOC OFO issued a ruling and only one hundred forty-four (144) days after filing the appeal, Jackson filed the present suit. *Id.* at Ex. 4; Dkt. 1. In light of the lawsuit, the EEOC OFO subsequently dismissed the pending appeal on January 13, 2009. Dkt. 25 at Ex. 6.

## ANALYSIS

Defendant Eric K. Shinseki, Secretary of Veterans Affairs, brings this motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6). Dkt. 25. Shinseki argues that Jackson filed this lawsuit prematurely and in the midst of the EEOC OFO's consideration of his appeal. *Id.* at 4. As such, Jackson has not exhausted his administrative remedies and this case should be dismissed for lack of subject matter jurisdiction. *Id.* In the alternative, several of Jackson's claims fail to state a claim upon which relief can be granted and, therefore, should be dismissed. *Id.* at 9.

**1.     Failure to Exhaust Administrative Remedies**

*A.     Standard of Review*

Federal Rule of Civil Procedure 12(b)(1) allows dismissal of an action where the court lacks subject matter jurisdiction. A Rule 12(b)(1) motion should be granted only "if it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject-matter jurisdiction." *Castro v. United States,* 560 F.3d 381, 386 (5th Cir. 2009). The court may consider any of the following in ruling on a 12(b)(1) motion: (1) the complaint alone; (2) the complaint plus undisputed facts

evidenced in the record; or (3) the complaint, undisputed facts, and the court's resolution of disputed facts. *Lane v. Halliburton,* 529 F.3d 548, 557 (5th Cir. 2008). The burden of proof rests with the party asserting jurisdiction. *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001).

    *B.     Analysis*

A federal employee who wishes to file a civil action under Title VII or the ADEA must first exhaust his administrative remedies. *See Tolbert v. United States*, 916 F.2d 245, 248 (5th Cir. 1990); 29 C.F.R. § 1614.407. If the employee has filed an appeal, he is to file a civil suit: 1) within 90 days of receiving the Commission's final decision on appeal; or 2) after 180 days from the date of filing the appeal with the Commission if there has been no final decision. 29 C.F.R. § 1614.407. A person filing a lawsuit before the 180 day waiting period "has, by definition, filed before [he] has exhausted [his] administrative remedies." *Tolbert*, 916 F.2d at 248. Thus the court lacks subject matter jurisdiction over the action. *Id.* at 249.

In the present case, Jackson filed his civil suit just 144 days after filing his appeal and before the EEOC OFO issued a final decision on the appeal. Thus Jackson has filed too soon and has failed to exhaust his administrative remedies. In his response, Jackson argues that this defect should not deprive the court of jurisdiction. Dkt. 31 at 5. Rather, he argues, the filing time line is merely a condition precedent and not a jurisdictional bar. *Id.* For support, Jackson cites *Pinkard v. Pullman-Standard, a Div. of Pullman, Inc.*, 678 F.2d 1211 (5th Cir. 1982). *Id. Pinkard*, however, dealt with a private employer and not a federal employer. The court finds this inapposite to the present case. Jackson also cites to several Eleventh Circuit cases, but fails to address the long line of Fifth Circuit cases that reaffirm *Tolbert*, including an unpublished opinion from just last month, *Atkins v. Kempthorne*, 2009 WL 4158160 (5th Cir. Nov. 27, 2009).

In sum, the court lacks subject matter jurisdiction over Jackson's claims due to his failure to exhaust his administrative remedies. The court, therefore, must dismiss the claims without prejudice. *See Cinel v. Connick*, 15 F .3d 1338, 1341 (5th Cir. 1994) ("[b]ecause we dismiss [his] clai[m] for lack of subject matter jurisdiction, the district court's decision must be modified to reflect a dismissal without prejudice.").

**2.      Failure to State a Claim**

Having found that the court lacks subject matter jurisdiction over Jackson's claims because he failed to exhaust his administrative remedies, the court need not consider the claims under a Rule 12(b)(6) analysis.

### CONCLUSION

Defendant Eric K. Shinseki's motion to dismiss is GRANTED. Plaintiff Ingram D. Jackson's claims are dismissed without prejudice.

It is so ORDERED.

Signed at Houston, Texas on December 21, 2009.

_____
Gray H. Miller
United States District Judge

TO ENSURE PROPER NOTICE, EACH PARTY RECEIVING THIS ORDER SHALL
FORWARD IT TO EVERY OTHER PARTY AND AFFECTED NONPARTY